IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHIRLEY HOLCOMB, | § | |
| Plaintiff, | § § § | |
| v. | § | No. 1:16-CV-0191-BL |
| SOMA RESOURCES, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

The Court has under consideration Defendant's Motion for Summary Judgment (doc. 13). Plaintiff has not responded to the motion and the time for response has passed. This action has been referred pursuant to 28 U.S.C. § 636(b) and the Second Amended Special Order No. 3-301. *See* Order (doc. 4). Because the parties have consented to proceed before a Magistrate Judge, *see* Joint Proposal (doc. 8), the undersigned has full authority under 28 U.S.C. § 636(c) to consider this motion, including issuing a final judgment. After considering the motion, briefing, summary judgment evidence, and applicable law, the Court grants the motion and dismisses this action.

### I. BACKGROUND[1]

On October 27, 2016, Plaintiff – through counsel – filed her civil complaint under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e through 2000e-17, alleging that Defendant SOMA Resources, Inc. engaged in discriminatory promotion practices and treated her differently from non-African American employees, including terminating her because of her race. She alleges that Defendant hired her in 2005 to work as a House Manager, she stepped down to a

---

[1] The factual background is undisputed or viewed in the light most favorable to the non-movant as required when ruling on a motion for summary judgment.

direct care staff position to alleviate stress and pressure, she filed a discrimination complaint with the Texas Workforce Commission ("TWC") in March 2016 for racial discrimination, and Defendant took adverse employment actions against her, including terminating her in July 2016, a few weeks after TWC complete its investigation. She asserts two claims in this action: (1) the promotion process had a disparate impact on African American employees and (2) disparate treatment because of her race and color.[2]

In April 2017, the Court permitted Plaintiff's attorney to withdraw as counsel and informed Plaintiff that she was responsible for complying with procedures governing this action and all deadlines. *See* Electronic Order (dkt. entry 12). On August 25, 2017, Defendant timely filed its motion for summary judgment. It seeks summary judgment "because there are no genuine issues of material fact on Plaintiff's claims." Mot. at 1. Within the briefing on the motion, Defendant denies Plaintiff's allegations and provides an affidavit of its Administrator, Toni McDonald to support summary judgment.

Ms. McDonald avers that Defendant is a small company that prefers to hire within and that its policy has always been that employees who want to be considered for advancement must notify the office and are then considered for a manager position when one becomes available. Plaintiff utilized that procedure to be promoted to House Manager from January through August 2005, when she resigned because the position interfered with her family and other activities. At that point, it retained Plaintiff as a direct staff care giver and she never submitted another in-house application for

---

[2] Although the alleged facts may suggest a claim of retaliation, Plaintiff has not asserted such a claim in her complaint. While the Court liberally construes pleading filed by pro se litigants, Plaintiff was not proceeding pro se when she filed her complaint. Nevertheless, based upon arguments of Defendant, the Court will directly address whether Plaintiff has a retaliation claim that survives the motion for summary judgment.

promotion. She further avers that

(1) Defendant does not discriminate in its promotion policy and, in addition, to promoting Plaintiff in 2005, an African American female employee has submitted an in-house application and has been offered two House Manager positions, which she declined.

(2) Plaintiff was qualified for no managerial position other than House Manager.

(3) Defendant has a zero tolerance policy for actions that violate state and federal regulations and that place a patient's health in jeopardy and such actions result in immediate termination.

(4) Defendant terminated Plaintiff on July 19, 2016, because she was not assisting with medications in the proper area for the group home to which she was assigned.

(5) Defendant did not discriminate against Plaintiff based upon her race or because she filed a complaint with TWC. It terminated her because she failed to follow rules and regulations that had been clearly laid out and of which she was aware.

(6) Defendant terminated Plaintiff's employment for her continued disregard of company policies and procedures that were clearly defined to her and was in no way in retaliation for any prior actions of Plaintiff.

Plaintiff has filed no response to the motion for summary judgment and has thus not contested the facts set out in Defendant's proffered affidavit or provided any evidence to support the allegations in her complaint.

## II. SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a), courts "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] "As to materiality, the substantive law will identify which facts are material" and a fact is

---

[3] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

"material" only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," a dispute over a material fact qualifies as "genuine" within the meaning of Rule 56. *Id.* Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. There is no genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether to grant summary judgment, the courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *Matsushita*, 475 U.S. at 586-87; *see also*, Fed. R. Civ. P. 56(c). Once the burden shifts to the nonmoving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. In other words, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Furthermore, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010);

4

*accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

"Summary judgment may not be awarded by default merely because the non-moving party has failed to respond." *Cornish v. Tex. Dep't of Crim. Justice*, No. 3:04-CV-0579-R, 2006 WL 509416, at *6 (N.D. Tex. Mar. 2, 2006); *accord Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."). Rule 56(e) of the Federal Rules of Civil Procedure provides the courts various discretionary options when the movant has asserted facts to support the motion and the opposing party does not properly address those facts. Rule 56(e) states:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Having reviewed the evidence presented by Defendant and the opportunity that Plaintiff has already had to address those facts through a response to the motion for summary judgment, the Court, in accordance with Rule 56(e)(2) and (3), considers the facts presented by Defendant to be undisputed for purposes of this motion and considers whether summary judgment is warranted under the record as a whole.

## III. DISPARATE TREATMENT

Plaintiff asserts a Title VII claim of disparate treatment. As recognized by the Supreme Court, "'Disparate treatment' . . . is the most easily understood type of discrimination." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). In this type of discrimination, the "employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin" and "[p]roof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment." *Id.*

Absent direct evidence of discrimination, the courts use the burden-shifting framework set out in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973) when analyzing Title VII claims of disparate or discriminatory treatment. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509-10 & n.3 (1993) (discussing *McDonnell Douglas* in context of Title VII). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Palacios v. City of Crystal City*, 634 F. App'x 399, 402 (5th Cir. 2015) (per curiam) (quoting *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 958 (5th Cir. 1993)). When "an inference is required for the evidence to be probative . . . the evidence is circumstantial, not direct." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir. 2002). Because Plaintiff has presented no direct evidence of discrimination in this case, the *McDonnell Douglas* framework applies to her claim of disparate treatment.

The shifting burden under this framework initially rests with the plaintiff to establish a prima facie case to create an inference or presumption of discrimination. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978). This is not an "onerous" burden. *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012)

(quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). "The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." *Tex. Dep't of Cmty. Affairs*, 450 U.S. at 253. Stated differently, to establish a prima facie case of discrimination based upon nonselection for a position, the plaintiff must show that she: (1) is a member of a protected class, (2) was qualified for the position, (3) was not selected for the position, and (4) a similarly situated individual outside her protected group or groups was selected instead. *See Furnco Constr. Corp.*, 438 U.S. at 575-77. In a more general sense, the third element requires "some adverse employment action by the employer." *Watkins v. Paulsen*, 332 F. App'x 958, 959 (5th Cir. 2009).

If the plaintiff shows a prima facie case, a presumption of discrimination arises which the defendant must rebut by showing a neutral, nondiscriminatory reason for the adverse employment action. *Tex. Dep't of Cmty. Affairs*, 450 U.S. at 254. Upon such showing by the defendant, the plaintiff must then raise a genuine dispute of material fact that the defendant's proffered reason is mere pretext for discrimination. *Haire v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 365 (5th Cir. 2013).

Based on the uncontested facts, Plaintiff did not apply for any available position for which she was qualified. Consequently, the fact that she did not receive a promotion does not give rise to any inference or presumption of discrimination. On the undisputed facts, Defendant is entitled to summary judgment on Plaintiff's claim of disparate treatment. Furthermore, even if Plaintiff had carried her burden to establish a prima facie case, Defendant has presented a neutral, nondiscriminatory reason for terminating her employment. Plaintiff has not raised a genuine dispute of material

7

fact that the proffered reason is simply a pretext for discrimination. For all of these reasons, the Court grants Defendant summary judgment on the claim of disparate or discriminatory treatment.

## IV. DISPARATE IMPACT

Plaintiff also asserts a disparate impact claim. Such a claim differs from claims of disparate treatment. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003). "Because 'the factual issues, and therefore the character of the evidence presented, differ when the plaintiff claims that a facially neutral employment policy has a discriminatory impact on protected classes,' courts must be careful to distinguish between these theories. *Id.* at 53 (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 n.5 (1981)). Claims of disparate impact "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). Unlike claims of disparate treatment, there is no requirement that the plaintiff prove discriminatory motive. *Id.*

"To establish a prima facie case of disparate impact, a plaintiff must both identify the employment practice that has the allegedly disproportionate impact and establish causation by offering statistical evidence to show that the practice in question has resulted in prohibited discrimination." *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 860 (5th Cir. 2002) (citing *Watson v. Ft. Worth Bank & Trust*, 487 U.S. 977 (1988)). In general, "a prima facie disparate impact case requires a showing of a substantial 'statistical disparity between protected and non-protected workers in regards to employment or promotion.'" *Id.* (quoting *Munoz v. Orr*, 200 F.3d 291, 299-300 (5th Cir. 2000)).

In this case, Plaintiff has offered no statistical evidence to support her claim of disparate

impact. "Given the absence of admissible statistical data or other evidence" that Defendant's policy for promotion disparately impacts African Americans, Plaintiff has failed to meet her summary judgment burden for her disparate impact claim and the Court properly dismisses such claim. *See Manley v. Invesco*, 555 F. App'x 344, 349 (5th Cir. 2014) (per curiam). Accordingly, Defendant is entitled to summary judgment on the disparate impact claim and the Court dismisses it.

## V. RETALIATION

Although the Court does not find that Plaintiff has asserted a retaliation claim in this action, Defendant seeks dismissal of such a claim to the extent Plaintiff asserts it. Had Plaintiff asserted such claim, the claim would be subject to the same burden-shifting test set out in *McDonnell Douglas* as her claim of disparate treatment. *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015); *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir. 2005).

> That framework requires the employee first to set out a prima facie case of retaliation, which she may do by establishing that: (1) she engaged in protected activity; (2) the employer took a materially adverse action against her; and (3) a causal link exists between her protected activity and the adverse action.

*Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016). To satisfy the third element, "the employee must provide substantial evidence that 'but for' exercising protected rights, she would not have been discharged." *Id.* (relying on *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013)). Once the plaintiff carries the burden to show a prima facie case of retaliation, "the burden shifts to the employer to state a legitimate, non-retaliatory reason for the adverse action." *Id.* at 710 (citation and internal quotation marks omitted). Once the employer states such a reason, the burden returns "to the employee to demonstrate that the employer's reason is actually

9

a pretext for retaliation." *Porter*, 810 F.3d at 948 (citation omitted).

Given the arguments of Defendant, and in an abundance of caution, the Court directly considers whether Plaintiff has a retaliation claim that would survive summary judgment had Plaintiff asserted such a claim. Had Plaintiff indeed asserted a retaliation claim, the claim would not survive summary judgment for two reasons. First, she fails to satisfy the third element of the required prima facie case. She provides no evidence that but for her filing the charge of discrimination she would not have been terminated. Furthermore, even if she had adequately shown a prima facie case of retaliation, Defendant has stated a legitimate, non-retaliatory reason for the termination and Plaintiff has presented nothing to show that the stated reason is merely a pretext for retaliation. For all of these reasons, had Plaintiff asserted a claim of retaliation, it would not have survived the instant motion for summary judgment.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (doc. 13) and **DISMISSES** this action.

SO ORDERED this 16th day of March, 2018.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**